UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

versus                                  NO. 03-79

JAMES KNOX                              SECTION: "F"(1)

REPORT AND RECOMMENDATION

On December 6, 2005, the United States Fifth Circuit Court of Appeals remanded this matter to this Court for a determination of whether defendant's *pro se* notice of appeal[1] was timely filed.[2] The Court of Appeals noted that the notice of appeal was dated August 21, 2005, and stamped as having been filed on November 1, 2005. However, the Court of Appeals also noted that the notice of appeal would be considered timely filed if it was deposited in the prison's internal mail system on or before August 22, 2005. Because it could not be determined from the record when the notice of appeal was delivered to prison authorities, the matter was remanded to this Court to make that determination. On January 11, 2006, the United States District Judge referred the matter to the undersigned United States Magistrate Judge.[3]

---

[1] Rec. Doc. 185.

[2] Rec. Doc. 193.

[3] Rec. Doc. 194.

On January 18, 2006, the undersigned issued an order directing that, on or before February 17, 2006, defendant file with this Court an affidavit stating when he delivered the notice of appeal to prison authorities for mailing.[4] Defendant failed to respond to that order in any manner whatsoever. Accordingly, on March 2, 2006, the Court *sua sponte* extended the deadline, directing defendant to provide the ordered affidavit on or before March 20, 2006.[5] Again, defendant failed to respond to that order.

The undersigned has reviewed the record in this case, and it is unclear how and when defendant's notice of appeal was mailed to this Court. There is no indication of whether defendant's prison operates a separate legal mailing system and, if so, whether he used that system in filing the notice of appeal. Although defendant has been given two opportunities to establish by affidavit if and when he gave the notice of appeal to prison authorities for mailing, he has failed to avail himself of those opportunities. Accordingly, there is no evidence whatsoever before the Court to establish that the prison "mailbox rule" provided in Fed.R.App.P. 4(c)(1) and 25(a)(2)(C) even applies in this case, much less that defendant's notice of appeal would be considered timely under that rule.

Defendant bears the burden of establishing that his notice of appeal was timely filed. See Porchia v. Norris, 251 F.3d 1196, 1198 (8th Cir. 2001). Because defendant has not provided a scintilla of evidence that suggests that he falls within the ambit of the prison "mailbox rule" and that his notice was in fact timely under that rule, the undersigned finds that he has failed to meet his burden. The only information before this Court is that defendant's notice of appeal arrived at this Court for filing on November 1, 2005, long after August 22 deadline.

---

[4] Rec. Doc. 195.

[5] Rec. Doc. 200.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that defendant's notice of appeal be held to be untimely filed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twentieth day of April, 2006.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**